**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF MASSACHUSETTS**

ATTACHMENT 1

CHRISTOPHER MANGO, PLAINTIFF (PRO-SE)

V.

CIVIL ACTION

NO._____

PROVINCETOWN POLICE DEPARTMENT
CHIEF SCHUYLER 'TED' MEYER III
OFFICER DAVID DITACHIO
PROVINCETOWN BOARD OF SELECTMEN
MARY JO-AVELLAR, CHAIR
PROVINCETOWN TOWN MANAGER
KEITH A. BERGMAN, TOWN MANAGER
ATTORNEY GENERAL TOM REILLY
All defendants in their Official Capacities and all Defendants as Individuals
DEFENDANTS

05 - 11658 JLT

RECEIPT # 66196
AMOUNT $ 250.00
SUMMONS ISSUED 5
LOCAL RULE 4.1 ✓
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. M.P.
DATE 8/11/05

**COMPLAINT**

MAGISTRATE JUDGE JGD

**PARTIES**

1. The Plaintiff Christopher Mango is a resident of Union City, Hudson County, New Jersey and a citizen of the United States.

2. The Defendant Keith A. Bergman is a resident of Provincetown, Barnstable County, Massachusetts and a citizen of the United States.

3. The Defendant Chief Schuyler 'Ted' Meyer III is a resident of Provincetown, Barnstable County, Massachusetts and a citizen of the United States.

4. The Defendant Officer David Ditachio is a resident of Provincetown, Barnstable County, Massachusetts and a citizen of the United States.

5. The Defendant Mary Jo-Avellar and all official within is a resident of Provincetown, Barnstable County, Massachusetts and a citizen of the United States.

6. The Defendant Attorney General Tom Reilly is a resident of Boston, Suffolk County Massachusetts and a citizen of the United States

**JURISDICTION**

7. The court has jurisdiction over this matter pursuant to 23 U. S. C. § 1332.

## FACTS

8. On Approximately 06 June 2003, Plaintiff Christopher Mango was hired by Provincetown Harbormaster's Office in the official capacity of full-time Assistant Harbormaster. At which time, I was duly sworn in by Town Hall Employees.

9. As I began my sworn duties of Assistant Harbormaster, Chief Schuyler 'Ted' Meyer had not attended duty once as Harbormaster during my time of employment. Duane Steele, was my immediate supervisor and Assistant Habormaster, had handled all training with regard to my post.

10. Approximately on the second week of duty, I witnessed a vehicle driving on the beach next to the Provincetown Pier. At which time, I contacted the Provincetown Police Department to report the incident. They had dispatched two (2) female officers who were nearby to search the area. That same evening, minutes later, there was another automobile driving on the beach. I had contacted the Provincetown Police to report the issue as two (2) male officers were dispatched nearby. Officer David Ditachio had arrived at the scene with his partner and became verbally abusive, accusatory and threatening to me personally. He became physically threatening in manner. When I further reported, to him and his partner, that there was a stolen bicycle under the pier he did not care nor did he do anything about it. I stated to him that I was going to report this to the Chief he laughed and said: 'You do that! Good Luck.' I wrote a report in the Harbormasters Log and finished my shift.

11. The following day, I was off-duty and telephoned supervisor Duane Steele. I had explained the developing situation and told him what had happened. He asked that I stop in the office to speak with him and there was a more serious problem. Shortly, thereafter I went to the Harbormaster's Office and had a conversation with Duane Steele. He stated that there have been numerous complaints against me and that Officer Ditachio reported the incident to Chief Meyer, who requested that I see him in his office. I told Duane Steele that I wanted to place a report against Officer Ditachio. He stated that I should wait and see what the Chief has to say about it, first. Duane Steele stated that he has my log in the Harbormaster's daily report and that should be enough.

12. On 25 July 2003, I reported for duty when Duane Steele and I were requested to Chief Meyer's office immediately. When we arrived at the Provincetown Police Department we were brought into the Chiefs office, where he was waiting.

13. As Chief Meyer began to speak, he accused me of sexual harassment of a female officer and a complaint was taken against me. When asked for a report, Chief Meyer stated that he did not have one and was not at liberty to hand a copy of the report to me. I told him that is not protocol nor legal. He further accused me of sexually advancing myself upon a foreign woman 'offering her my bed'. Furthermore, he stated that I had left my post without any authorization and that my conduct was unbecoming in every way. When I questioned why this is all being brought to my attention now, he stated that he holds the right not to share any information as Chief of Police. When further questioned about his sources of information, he stated he was not at liberty to share anything with me and that either I resign or I was fired, immediately. I refused resignation on the grounds that I have done nothing wrong. At that moment, he handed me a resignation letter signed by him and asked that I leave the room and Duane Steele is to remain with the Chief. Before departing the Chief's office Duane Steele stated that there should have been, at the very least, 'a warning and not an immediate resignation'. Duane Steele had further stated that there is 'Protocol'. Chief Meyer kept changing the conversation said to me, 'that will be all.'

13. Approximately, twenty (20) minutes passed when Duane exited Chief Meyers office. We drove back to the Harbormaster's Office where he asked that I return my shirts and other items related to the job.

14. On 27 June 2003, I submitted a complaint to Provincetown Town Manager, Keith A. Bergman, he never replied. My second (2nd) complaint of 09 July 2003 again there was no reply from Mr. Bergman or the Board of Selectmen.

15. On 03 July 2003, the Provincetown Banner placed an article based on Chief Meyer cracking down on personal issues where in the article he states that he "had the right to terminate my employment" via issues reported by "a number of employees here and others". He further stated that he had "just a laundry list" of information.

16. On 10 July 2003, there was a female officer who had confronted me stating that I needed to watch my back and that the Chief, as well as Officer David Ditachio, were after me and don't do anything alone. It was stated they were trying to build a case against me.

17. During that time therafter, there were several confrontational situations between myself and other police officers who threatened to arrest me on more than one occasion. Officer Ditachio had confronted several of my personal friends questioning and interrogating them.

18. When this situation was further brought forth to Mary-Jo Avellar, Chair of Provincetown Board of Selectmen, and wife to Duane Steele, she stated that she was removing herself due to conflict of interest. I stated that that was not fair and she couldn't do that being it was such a serious matter.

20. On 12 August 2003, off-duty and in plain clothes, Officer David Ditachio walked into a restaurant, where I was working, and threatened to start a fight with me in front one of one of the workers who witnessed the confrontation. I walked away to the kitchen area.

21. On 13 August 2003, I gave notice at my job fearing for my life forcing me to depart the Town of Provincetown, and the State of Massachusetts shortly thereafter.

22. On 14 August 2003, I had sent the Office of the Attorney General Tom Reilly a Civil Rights Complaint for which there was no answer for one (1) year following and a denial of help further allowing the violation of my Civil Rights without action.

22. Plaintiff hereby incorporates paragraphs 8 through 22 with their full force and effect.

23. Plaintiff seeks against the Defendant The Provincetown Police Department for maintaining a policy of failure to train, for deliberate indifference, for abuse of process, for actions under the color of authority, for acts of conspiracy, for selective prosecution, for vindictive prosecution, for malicious prosecution, for subordination of perjury, for slander of Plaintiff Mango, for libel of Plaintiff Mango, for disparagement of character of Plaintiff Mango, for defamation of character of Plaintiff Mango, for emotional distress, for intentional infliction of physical and emotional distress, loss of income and for unconstitutional actions of it's agencies and employees that have resulted in the violation of Civil and Constitutional Rights to the sum of five million dollars ($5,000,000.00).

24. Plaintiff seeks against the Defendant Chief Schuyler 'Ted' Meyer of The Provincetown Police Department for maintaining a policy of failure to train, for deliberate indifference, for abuse of process, for actions under the color of authority, for acts of conspiracy, for selective prosecution, for vindictive prosecution, for malicious prosecution, for subordination of perjury, for slander of Plaintiff Mango, for libel of Plaintiff Mango, for disparagement of character of Plaintiff Mango, for defamation of character of Plaintiff Mango, for emotional distress, for intentional infliction of physical and emotional distress, loss of income and for unconstitutional actions of it's agencies and employees that have resulted in the violation of all Civil and Constitutional Rights to the sum of one million dollars ($1,000,000.00).

25. Plaintiff seeks against the Defendant Officer David Ditacchio of The Provincetown Police Department for maintaining a policy of failure to train, for deliberate indifference, for abuse of process, for actions under the color of authority, for acts of conspiracy, for selective prosecution, for vindictive prosecution, for malicious prosecution, for subordination of perjury, for slander of Plaintiff Mango, for libel of Plaintiff Mango, for disparagement of character of Plaintiff Mango, for defamation of character of Plaintiff Mango, for emotional distress, for intentional infliction of physical and emotional distress, loss of income and for unconstitutional actions of it's agencies and employees that have resulted in the violation of all Civil and Constitutional Rights to the sum of one million dollars ($1,000,000.00).

26. Plaintiff seeks against the Defendant The Provincetown Board of Selectmen for maintaining a policy of failure to train, for deliberate indifference, for abuse of process, for actions under the color of authority, for selective prosecution, for vindictive prosecution, for malicious prosecution, for subordination of perjury, for slander of Plaintiff Mango, for libel of Plaintiff Mango, for disparagement of character of Plaintiff Mango, for defamation of character of Plaintiff Mango, for emotional distress, for intentional infliction of physical and emotional distress, loss of income and for unconstitutional actions of it's agencies and employees that have resulted in the violation of Civil and Constitutional Rights to the sum of five million dollars ($5,000,000.00).

27. Plaintiff seeks against the Defendant Mary-Jo Avellar Chair of The Provincetown Board of Selectmen for maintaining a policy of failure to train, for deliberate indifference, for abuse of process, for actions under the color of authority, for selective prosecution, for vindictive prosecution, for malicious prosecution, for subordination of perjury, for slander of Plaintiff Mango, for libel of Plaintiff Mango, for disparagement of character of Plaintiff Mango, for defamation of character of Plaintiff Mango, for emotional distress, for intentional infliction of physical and emotional distress, loss of income and for unconstitutional actions of it's agencies and employees that have resulted in the violation of Civil and Constitutional Rights to the sum of one million dollars ($1,000,000.00).

28. Plaintiff seeks against the Defendant The Provincetown Town Manager Keith A. Bergman, for as the de-facto head of Defendant Provincetown Police Department, as an official Chief Executive of Defendant Provincetown Board of Selectmen and Defendant Provincetown Police Department, in the Defendant's official capacity and as an Individual, for condoning and approving a policy of failure to train, for deliberate indifference, for abuse of process, for actions under the color of authority, for negligent infliction of emotional distress, for intentional infliction of emotional distress, loss of income and for all violations of the Civil Rights and for all violations of the Constitutional Rights of Plaintiff Mango that the Defendant Bergman had the power to stop and failed to do so to the sum of one million dollars ($1,000,000.00).

29. Plaintiff seeks against the Defendant Massachusetts State Civil Rights Division Attorney General Tom Reilly for failure to train, for deliberate indifference, for abuse of process, for actions under the color of authority, for obstruction of justice, for selective prosecution, for vindictive prosecution, for malicious prosecution, for subordination of perjury, for slander of Plaintiff Mango, for libel of Plaintiff Mango, for disparagement of character of Plaintiff Mango, for defamation of character of Plaintiff Mango, for emotional distress, for intentional infliction of physical and emotional distress and for the unconstitutional actions of it's agencies and Defendants employees that have resulted in the violation of Civil and Constitutional Rights to the sum of five million dollars ($5,000,000.00).

30. Plaintiff seeks against all of the Defendants, both named and unnamed, in the Defendants Official Capacities and against each Defendant as an Individual, collectively and severely, and against all of the Defendants named as municipalities or governmental entities, for exemplary, general and punitive damages, the sum of seventy-five million dollars ($75,000,000.00).

31. Plaintiff seeks against all of the Defendants, both named and unnamed, in the Defendants Official Capacities and against each Defendant as an Individual, collectively and severely, and against all of the Defendants named as municipalities or governmental entities, for any other relief that the Court deems fair and just.

32. Plaintiff humbly ask this Honorable Court to award the total damages sought against all of the Defendants, both named and unnamed, in the Defendants Official Capacities and against each Defendant as an Individual, collectively and severely, and against all of the Defendants named as municipalities and named as governmental entities, the total amount sought by this action as enumerated herein in actual, compensatory, exemplary, general and punitive damages totaling ninety-four million dollars ($94,000,000.00), plus costs and fees.

33. WHEREFORE, the plaintiff demands judgement against the defendants for damages and such other relief as the court deems just

34. If the plaintiff wants a jury trial, it must be requested by the plaintiff.

35. The plaintiff demands a trial by jury.

DATED: 06 August 2005

Respectfully Submitted,

Christopher Mango

Plaintiff, Pro-Se

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christopher Mango (PRO-SE)

**DEFENDANTS**
Provincetown Police Department, Board of Selectman, Town Manager  (SEE ATTACHED)

(b) County of Residence of First Listed Plaintiff   Hudson County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Barnstable County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)   **05 - 11658 JLT**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983, §1985, §1986 and §1988
Brief description of cause:
Civil rights violated by the Provincetown Police Chief and Officers, Board of Selectman & Town Manager.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

From The Desk of:
# CHRISTOPHER MANGO

August 6, 2005

Pro-Se Court Clerk
United States District Court
United States Courthouse, Suite 2300
Boston, MA 02210

RE:  Filing Petition Mango v Provincetown

**05 - 11658 JLT**

To Whom It May Concern:

I am sending forth all necessary paperwork for filing pro-se, with regards to Mango v Provincetown.  My statutes of limitations are up towards the end of this week, and is necessary to file this case on Monday.

Please, contact me before charging my credit card and let me know that everything is in order.

I appreciate your time and cooperation regarding this situation.

Sincerely yours,

*[signature]*
Christopher Mango

420 32nd Street • Union City, New Jersey 07087 • USA
PH: 917-539-5771   E-mail: cmangorun@yahoo.com

From The Desk of:
# CHRISTOPHER MANGO

August 6, 2005

Pro-Se Court Clerk
Presiding Honorable Judge
United States District Court
United States Courthouse, Suite 2300
Boston, MA 02210

**RE:  Filing Petition Mango v Provincetown**

Dear Presiding Honorable Judge:               **05 - 11658 JLT**

I am sending forth all necessary paperwork for filing, pro-se, Mango v Provincetown.
I am requesting that the court grant me leniency with regard to this case.

If there is any question to my case, please refer to Eliot Sash v New York City Police Department filed in the United States District Court New York.

It is most humbly that I request such action in the United States District Court of Massachusetts.

I appreciate your time and thank you for your cooperation regarding this situation.

Sincerely yours,

*[signature]*
Christopher Mango

---

420 32nd Street ● Union City, New Jersey 07087 ● USA
PH: 917-539-5771   E-mail: cmangorun@yahoo.com