UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

C.A. No. 05-11658JLT

|  |  |
|---|---|
| CHRISTOPHER MANGO,<br><br>      Plaintiff (Pro se)<br><br>v.<br><br>PROVINCETOWN POLICE DEPARTMENT,<br>CHIEF SCHUYLER 'TED' MEYER III,<br>OFFICER DAVID DITACHIO,<br>PROVINCTOWN BOARD OF SELECTMEN,<br>MARY JO-AVELLAR, CHAIR<br>PROVINCETOWN TOWN MANAGER<br>KEITH A. BERGMAN, TOWN MANAGER<br>and ATTORNEY GENERAL TOM REILLY,<br><br>      Defendants | MEMORANDUM IN SUPPORT OF<br>DEFENDANTS PROVINCETOWN<br>POLICE DEPARTMENT AND<br>PROVINCTOWN BOARD OF<br>SELECTMEN'S MOTION TO DISMISS |

I.    INTRODUCTION

By this action, pro se plaintiff Christopher Mango asserts numerous claims

against various governmental entities and officials, all arising out of the termination of

his at-will employment by the Town of Provincetown ("Town") as a summer, part-time

assistant harbormaster—a position he held for approximately three weeks.  The plaintiff

has asserted various civil rights and tort claims against numerous Town departments and

officials, as well as the Massachusetts Attorney General.

This Memorandum is submitted in support of the Motion to Dismiss filed by

defendants Provincetown Police Department ("Department") and Provincetown Board of

Selectmen ("Board").[1]  As a threshold matter, said defendants are not properly named as defendants, since neither is subject to suit in its own name, and all claims against them (¶¶23 and 26) should therefore be dismissed.  In addition, even if the Court determines to treat the claims against these municipal departments as claims against the Town itself, such claims should be dismissed, because: (1) the Town is immune from intentional tort claims, pursuant to G.L. c.258, §10; (2) Massachusetts does not recognize a claim for "subordination of perjury," and, in any event, the Complaint does not allege facts that would support a claim that perjury occurred or that the Town suborned same; (3) the plaintiff has failed to plead facts to establish a constitutional conspiracy claim; (4) the plaintiff has failed to plead facts to establish any violation of his protected constitutional rights; and (5) the plaintiff has failed to plead facts to support a claim for municipal liability for any alleged constitutional deprivation.

II.     ARGUMENT

    A.      Motion to Dismiss Standard

        Under Fed.R.Civ.P. 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief may be granted against the defendant.  A Rule 12(b)(6) motion to dismiss is the usual and proper method of testing the legal sufficiency of a complaint. Moore's Federal Practice, Vol. 2A, § 12.08, p. 2266 (2nd ed., 1984).  On a motion to dismiss, the reviewing court construes well-pleaded material allegations of complaint as admitted, Walker Process Equip. v. Food Mach. & Chem. Corp., 382 U.S. 172 (1976), and all reasonable inferences are drawn in the plaintiff's favor. Wagner v. Devine, 122 F.3d 53, 58 n.2 (1st Cir. 1997).  The court is not bound, however, to accept as true

---

[1] Concurrently with the Motion to Dismiss filed by the Department and the Board, the other Town defendants are also filing motions to dismiss.

conclusions of law or unwarranted deductions of fact.  See Washington Legal Foundation
v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).  Where it appears to
that plaintiff is entitled to no relief under any state of facts which could be proved in
support of his claims, dismissal is proper.  See Ballou v. General Electric Co., 393 F.2d
398 (1st Cir. 1968).

        The pleading rules are "not entirely toothless," Fleming v. Lind-Waldock & Co.,
922 F.2d 20, 23 (1st Cir.1990), and the "minimal requirements are not tantamount to
nonexistent requirements."  Gilbert v. Cambridge, 932 F.2d 51, 62 (1st Cir. 1991).  A
plaintiff must set forth "factual allegations, either direct or inferential, respecting each
material element necessary to sustain recovery under some actionable legal theory." Roth
v. United States, 952 F.2d 611, 613 (1st Cir. 1991) (quoting Gooley v. Mobil Oil Corp.,
851 F.2d 513, 515 (1st Cir. 1988)).  The plaintiff cannot rely upon "subjective
characterizations or unsubstantiated conclusions." Fleming, 922 F.2d at 23.  "Empirically
unverifiable conclusions, not logically compelled, or at least supported by the stated
facts," deserve no deference. United States v. AVX Corp., 962 F.2d 108, 114 n.8 (1st Cir.
1992); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).  The
deference due the allegations of a complaint does not extend to "self-serving generalities"
or "unsubstantiated conclusions." Gilbert, 932 F.2d at 62.[2]  "[O]nly when conclusions are
supported by the stated facts, that is, when the suggested inference rises to what
experience indicates is an acceptable level of probability, [do] 'conclusions' become 'facts'

_____

[2] "A reviewing court 'need not credit bald assertions, periphrastic circumlocutions, unsubstantiated
conclusions, or outright vituperation,' Correa Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir.
1990), even when such phantoms are robed by the pleader in the guise of facts.  We have been particularly
insistent in section 1983 cases to require a fair degree of specificity -- a foundation of material facts -- to
survive a motion to dismiss." Gilbert, 932 F.2d at 62 (citing Dewey v. University of New Hampshire, 694
F. 2, 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)), Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir.
1977), cert. denied, 434 U.S. 1077 (1978).

for pleading purposes." Id.  Finally, to plead a justiciable case, a plaintiff must allege a

"'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely

to be redressed by the requested relief.'"  AVX Corp., 962 F.2d at 114 n. 8 (quoting

Allen v. Wright, 468 U.S. 737, 751 (1984)).

>    B.    Plaintiff May Not Sue the Board or the Department As Distinct Parties

The Department and the Board are not properly named as defendants in this case,

in addition to the Town, because they are simply municipal departments that are not

distinct from the Town itself.  See Cronin v. Town of Amesbury, 895 F.Supp. 375, 383

(D.Mass. 1995), aff'd 81 F.3d 287 (1st Cir. 1996) ("As a threshold matter, the Amesbury

Police Department, a town department, and the Board of Selectmen are not properly

named defendants."); see also Post v. City of Fort Lauderdale, 750 F.Supp. 1131, 1132

(S.D.Fla.1990) (dismissing §1983 suit against Police Department because it was part of

City and not amenable to suit separately); Tucker v. City of Montgomery, 410 F.Supp.

494, 511 (M.D.Ala.1976) (city council not subject to suit under section 1983 purposes).

Since the Department and Board of Selectmen are not entities distinct from the

Town, the claims against them are improper and must be dismissed.

>    C.    The Town is Immune from Intentional Tort Claims

In the event the Court determines to treat the claims against the Board and the

Department as claims against the Town itself, plaintiff's claims for abuse of process,

malicious prosecution, slander/libel and intentional infliction of emotional distress must

be dismissed, because the Town is immune from such claims, pursuant to the

Massachusetts Tort Claims Act, G.L. c.258, §10.[3]

It is beyond dispute that the Town, as a municipal subdivision, is absolutely

immune from such intentional torts, pursuant to G.L. c.258, §§ 10(c), which states that

the waiver of sovereign immunity "shall not apply to… any claim arising out of an

intentional tort, including…intentional mental distress, malicious prosecution, malicious

abuse of process, libel, [and] slander."  See also, e.g., Schenker v. Binns, 466 N.E.2d 131

(Mass. App. 1984); Tilton v. Franklin, 506 N.E.2d 897 (Mass. App.), rev. denied, 509

N.E.2d 1202 (Mass. 1987).  Since it is entirely clear that the plaintiff may not maintain

any intentional tort claim against the Town, the above-listed claims must be dismissed.

   D.   No Cognizable Claim Exists for "Subordination of Perjury," and,
        Regardless, the Complaint Fails to Allege Facts that Support Such a Claim

In addition to the aforementioned intentional tort claims, the plaintiff has asserted

a claim for "subordination of perjury."  First, subordination of perjury is a criminal

violation (see G.L. c.268, §2), and no Court has ever recognized suborning perjury to be

an independent civil cause of action.

In addition, the plaintiff has failed to allege facts that would support such a claim.

Subornation of perjury, of course, involves the inducement of another person to commit

perjury—i.e., the commission of false statements, under oath.  See G.L. c.268, §1.  The

plaintiff's Complaint does not contain a single factual averment that suggests that any

defendant either made any statements (false or otherwise) under oath or induced others to

---

[3] In his litany of asserted claims, plaintiff also includes "selective prosecution" and "vindictive
prosecution."  No Massachusetts court has ever recognized any such independent tort claims, and the
defendants submit that these claims are clearly duplicative with the plaintiff's claims of malicious
prosecution and abuse of process.  Similarly, plaintiff's claims for "disparagement of character" and
"defamation of character" are clearly duplicative with his libel and slander claims.

do so.  Thus, even if Massachusetts were to recognize a civil cause of action predicated upon subornation of perjury, and even if such claim were not deemed to be an intentional tort from which the Town would be immune, the plaintiff would fail to state such a claim for failure to state a cognizable claim.

     E.    <u>Plaintiff has Failed to Plead a Cognizable Constitutional Conspiracy Claim</u>

Although not included in his claims against the Board (¶26), the plaintiff has asserted a claim against the Department for a conspiracy to deprive him of his constitutional rights. The plaintiff alleges a broad conspiracy claim, but fails to support it with any factual averments.  On this basis alone the claim should be dismissed. However, to the extent the plaintiff is alleging a conspiracy claim under 42 U.S.C. § 1985(3), this should also be dismissed as a matter of law because he cannot prove any of the elements of such a claim.

  "To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege."  As demonstrated *infra*, the plaintiff has failed to satisfy the fourth element, insofar as he has not identified a cognizable liberty or property interest which has been impinged in any way by the defendants.  As demonstrated below, the plaintiff's "conspiracy" claim must also fail because: (1) no conspiracy may be shown by and among the Town and its officers, pursuant to the intracorporate immunity doctrine; (2) the plaintiff is not a member of any protected class and cannot demonstrate that any

alleged deprivation was motivated by any racial or otherwise class-based invidious

discrimination; and (3) the plaintiff has failed to identify any overt act in furtherance of

the alleged conspiracy.

1. Plaintiff's "Conspiracy" claim must fail pursuant to the intracorporate immunity doctrine

The plaintiff's "conspiracy" claim fails because it alleges a conspiracy by and

among Town officials only.  Pursuant to the intracorporate immunity doctrine, a

government entity cannot conspire with itself and its individual members.  Wright v.

Illinois Dept. of Children & Family Services, 40 F.3d 1492 (1994) (no conspiracy claim

may be maintained against individual administrators of state department); Suttles v. U.S.

Postal Service, 927 F.Supp. 990 (S.D. Tex. 1996) (Postal Service could not conspire with

itself and individual members of Postal Service and therefore, letter carrier could not

maintain civil rights conspiracy claim against Postal Service alleging conspiracy within

Postal Service); Turner v. Randolph County, 912 F.Supp. 182 (M.D.N.C. 1995) (§1985

conspiracy count must be dismissed, since all named defendants were agents of county,

and county cannot conspire with itself).

2. Plaintiff's "Conspiracy" claim must fail because he is not a member of any protected class

Plaintiff's conspiracy claim must also fail because he has failed to assert that any

alleged deprivation was motivated by "some racial, or perhaps otherwise class-based,

invidiously discriminatory animus," Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct.

1790, 1798 (1971).  If no racial animus is charged, a discriminatory class-based animus

must be alleged.  "The requirement that this discrimination be 'class-based' is not

satisfied by an allegation that there was a conspiracy which affected the interests of a

class of persons similarly situated with the plaintiffs.  Rather, the complaint must allege

facts showing that the defendants conspired against the plaintiffs because of their

membership in a class and that the criteria defining the class were invidious." Id.  In this

instance, the plaintiff has not alleged that he is a member of any protected class.

Therefore, the plaintiff's "conspiracy" claim should be dismissed on this basis as well.

> 3.  Plaintiff's "Conspiracy" claim must fail because he has not identified any "overt act" which may give rise to liability

Plaintiff's "conspiracy" claim also fails because he has not identified any "overt

act" by the individual defendants.  Any conspiracy claim pursuant to §1985(3) "must

identify an overt act" in furtherance of the alleged conspiracy.  Romero-Barcelo v.

Hernandez-Agosto, 75 F.3d 23, 34 (1st Cir. 1996).  Here, the only factual allegation

attributable to the Town or the Department is that he was terminated from his

employment.  He provides no factual allegations to suggest that his termination was part

of a "conspiracy" and such a bald allegation clearly cannot support the plaintiff's claim.

Therefore, for this final reason, the plaintiff's conspiracy claim, pursuant to § 1985(3),

must be dismissed as a matter of law.

> E.    Plaintiff has Failed to Allege the Deprivation of Any Constitutional Rights

The Town is also entitled to dismissal of the plaintiff's Complaint, because the

plaintiff has failed to allege the deprivation of any constitutional rights.  The plaintiff's

constitutional claims appear to rest primarily upon his apparent belief that he possessed a

protected property interest in his continued employment as a part-time summer employee

of the Town, and that his employment could not be terminated without certain due

process rights.   Plaintiff is clearly mistaken in this regard.

An essential element of any due process claim, under 42 U.S.C. §1983, is the existence of a right protected under federal law or the United States Constitution. See Parratt v. Taylor, 451 U.S. 527, 536-537 (1981); Martinez v. Colon 54 F.3d 980, 984 (1st Cir.), cert. denied, 116 S. Ct. 515 (1995); Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993). In order to establish a protected property right a plaintiff must demonstrate that he had a "legitimate claim of entitlement" to continued employment, grounded in state law. Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982); Chongris v. Board of Appeals of Andover, 811 F.2d 36, 43 (1st Cir. 1987) (property rights, while protected by the federal constitution, "are creatures of state law"); see also Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984). As a general proposition, the greater the discretion a governmental authority has in the conferral of a benefit or discipline, the less likely it becomes that a plaintiff will be found to possess a protected property interest. See, e.g., Madera v. Secretary of the Exec. Office, 418 Mass. 452, 459, 636 N.E.2d 1326, 1330 (1994) (citing Roslindale Motor Sales, Inc. v. Police Comm'r of Boston, 405 Mass. 79, 82-83, 538 N.E.2d 312, 314-15 (1989)).

Only where "the repeated use of explicit mandatory language in connection with requiring specific substantive predicates demands a conclusion that the State has created a protected" property interest, can a due process right be inferred. See Davila-Lopes v. Zapata, 111 F.3d 192, 196 (1st Cir. 1997) (quoting Hewitt v. Helms, 459 U.S. 460, 471, 103 S.Ct. 864, 871 (1983)). The Davila-Lopes Court indicated that the proper inquiry is, "whether the standards governing the [claimed interest] are so particularized, objective, and defined, and also narrow the [government's] discretion so significantly, that [a person

in plaintiff's] position could be reasonably confident that he would be" entitled to the privilege asserted.

A property interest in employment can only be created by statutes or contract, and where such an "'independent source' does not supply a property interest, the federal constitution does not offer procedural protections." Kelley v. Action for Boston Community Development, Inc., 419 F. Supp. 511, 518 (1976). In this instance, the plaintiff has not claimed (nor could he) that he entered into an employment contract with the Town or otherwise had any legal right to expect continued employment. It is clear, therefore, from the plaintiff's own Complaint that he was an employee at will, who could be terminated from his part-time, seasonal position for any reason or no reason at all. See, e.g., Jackson v. Action for Boston Community Dev., Inc., 403 Mass. 8, 9, 525 N.E.2d 411 (1988). As such, plaintiff did not possess any protected property interest in his employment. See Newark v. Boston Housing Authority, 183 F. Supp. 2d 285, 288 (D. Mass. 2001).

Since the plaintiff clearly possessed no protected property interest in his continued employment as a seasonal, at-will employee of the Town, he cannot maintain a due process claim based upon his termination from such employment. Therefore, the plaintiff's Complaint should be dismissed.

F.    Plaintiff has Failed to a Cognizable Claim of Municipal Liability

Finally, plaintiff's municipal liability claim must be dismissed because the plaintiff has failed to plead any facts to support this claim. It is well-established that municipal liability attaches only where there exists: (1) a policy, or a "deliberate choice to follow a course of action...made from among various alternatives by the official or

officials responsible for establishing final policy with respect to the subject matter in question," <u>Pembaur</u> v. <u>Cincinnati</u> 475 U.S. 469, 489 (1986), <u>aff'd</u> 947 F.2d 945 (6th Cir. 1991); or (2) <u>a custom or usage</u> "unambiguously established by official policymakers' conduct and...not simply suggested by the isolated actions of some employees." <u>Woodley</u> v. <u>Town of Nantucket</u>, 645 F. Supp. 1365, 1378 (D. Mass. 1996).

Courts have consistently refused to hold municipalities liable under a theory of respondeat superior. <u>See</u> <u>Board of the County Commissioners of Bryan County, Oklahoma</u> v. <u>Brown</u>, 520 U.S. 397, 118 S.Ct. 1382, 1388 (1997). "[The] official policy must be the 'moving force' behind the constitutional violation . . . and 'there must be an affirmative link between the policy and the particular constitutional violation alleged.'" <u>Woodley</u>, 645 F. Supp. at 1375 (citations omitted). "Something more than creative inference is required." <u>Id.</u> at 1378. "[T]he Supreme Court, in its reliance on such formulae as "moving force" and "affirmative link" is very sensitive to the requirement of proving a "causal link" between the town's policy and the alleged deprivation." <u>Id.</u> at 1379-80. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." <u>Brown</u>, 117 S.Ct. at 1389.

Here, the plaintiff has failed to plead any facts to support his bald allegation of an unconstitutional custom or policy of the Town's policymakers. First, as discussed above, the plaintiff has failed to plead any underlying constitutional violation. Therefore, the Town may not be held liable for a violation that did not occur. Secondly, the plaintiff has failed to identify any specific training or category of training that the Town should have

provided but did not.  Thirdly, the plaintiff has failed to plead any facts that would suggest that the ambiguously-pled lack of training was the "moving force" behind his alleged harm.  The plaintiff is obligated at least to plead sufficient facts that would permit an inference that he could establish each of these elements of a municipal liability claim, and his failure to do so warrants dismissal of his claim of municipal liability, to the extent that such a claim is read into the Complaint.

III.   CONCLUSION

For the foregoing reasons, defendants Provincetown Police Department and Provincetown Board of Selectmen respectfully request that all claims against them be dismissed.

DEFENDANTS,

By its attorney,

/s/ Jonathan M. Silverstein             i
Jonathan M. Silverstein (BBO# 630431)
Sarah N. Turner (BBO# 654195)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

269424/60700/0662