UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET #05-11658-JLT

| | |
|---|---|
| **CHRISTOPHER MANGO**<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| **PROVINCETOWN POLICE DEPT ET AL,**<br>    Defendant | )<br>)<br>) |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT, THE ATTORNEY GENERAL TOM REILLY'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff, Christopher Mango, filed a pro-se complaint against defendant, (hereinafter, defendant, the Attorney General)[1]. The complaint should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), as the claim for monetary damages against the Attorney General in his official capacity is barred pursuant to the Eleventh Amendment of the U.S. Constitution. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Additionally, to the extent plaintiff states a claim against the Attorney General in his official capacity under 42 U.S.C. § 1983, it must be dismissed because the Attorney General is not a "person" who may be held liable within the meaning of that section.

### BACKGROUND

The Complaint asks the court to award plaintiff five million dollars as a result of the Attorney General violating his civil and constitutional rights. *Complaint* at ¶ 29. This action

---

[1] The Commonwealth only concedes representation of the Attorney General in his official capacity as the Attorney General in his individual capacity was never served pursuant to Fed. Rule. Civ. Pro. 4 (e).

1

stems from plaintiff's alleged termination of his employment as an Assistant Harbormaster in Provincetown, MA. Id. at ¶ 8-9. Plaintiff alleges that on August 14, 2003, he sent the Office of the Attorney General a civil rights complaint to which there was no response for one year following and a denial of help. Id. at ¶ 22.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Plaintiff has brought suit against Attorney General Tom Reilly in his official capacity as Attorney General. "[A]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165 (1985). The sovereign immunity clause of the Eleventh Amendment bars the rendering of any judgment against a state, a state agency, or state officials in their official capacity because any such judgment would have to be paid from state funds. Quern v. Jordan, 440 U.S. 332, 337 (1979); Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and the Caribbean Cardiovascular Center Corp., 322 F. 3d 56, 63 (1st Cir. 2003).

The Federal Courts have long held that they lack jurisdiction to entertain suits against individual States, unless the State has waived its immunity. See, e.g., Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996), quoting Hans v. Louisiana, 134 U.S. 1, 15 (1890) (noting that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States'"); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) ("[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it,… a State cannot be sued directly in its own name regardless of the relief sought").

2

Therefore, plaintiff's complaint against the Attorney General must, be dismissed under the Eleventh Amendment to the United States Constitution.

**II.   42 U.S.C. § 1983 BARS ANY ACTION AGAINST THE DEFENDANT, TOM REILLY, IN HIS OFFICIAL CAPACITY FOR MONETARY DAMAGES**

As plaintiff's 42 U.S.C. §1983 claim is against the Attorney General in his official capacity for monetary damages, this claim must fail. State officials acting in their official capacity are not subject to suit for damages because the state is deemed the real party in interest. Kentucky, 473 U.S. at 166. To bring a claim against the state or its agencies for monetary damages under 42 U.S.C. §1983, a plaintiff must allege that some "person" acting under color of law deprived him of "rights, privileges or immunities secured by the constitution. 42 U.S.C. §1983. Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). The Supreme Court has definitively held that, as a matter of statutory interpretation, states are not "persons" and, therefore, not subject to suit under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Similarly, state officials, acting in their official capacity, are deemed not to be "persons" for that purpose. Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 221-22 (1st Cir. 2003). Accordingly, plaintiff's claims against a state official in his/her official capacity must be dismissed under Fed. R. Civ. P. 12(b)(1), (6).

CONCLUSION

WHEREFORE, the Attorney General respectfully requests that all claims against him in his official capacity be dismissed.

        Respectfully submitted,
        THOMAS F. REILLY
        ATTORNEY GENERAL

        By his attorney,

        /s/ Alison L. Andelman
        Alison L. Andelman, BBO#659765
        Assistant Attorney General
        Trial Division
        One Ashburton Place
        Boston, MA  02108
        (617) 727-2200 x3311

Dated:  January 9, 2006

**CERTIFICATE OF SERVICE**

I, Alison L. Andelman, Assistant Attorney General, hereby certify that I have this day, January 9, 2006, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to:  *Pro-Se* Christopher Mango, 420 32nd Street, Union City, New Jersey 07087; Jonathan M. Silverstein, Esq., Kopelman and Paige, P.C. Town Counsel, 31 St. James Avenue, Boston, MA 02116.

        /s/ Alison L. Andelman
        **Alison L. Andelman**